**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

BOB PETERSON, et al.,

    Plaintiffs,

v.

H. MARTIN SPROCK, III, et al.,

    Defendants.

CIVIL ACTION NO.
1:06-CV-3087-RWS

---

MASSEY, INC., et al.,

    Plaintiffs,

v.

MOE'S SOUTHWEST GRILL, LLC, et al.,

    Defendants.

CIVIL ACTION NO.
1:07-CV-00741-RWS

## **ORDER**

Before the Court are Plaintiffs' First Motion to Compel Discovery and

Production of Documents from Defendant H. Martin Sprock, III [98], Plaintiffs'

First Motion to Compel Discovery and Production of Documents from Defendant Mama Fu's Noodle House, Inc. [100], and Plaintiffs' Motion to Compel Production [122] in Case No. 1:06-CV-3087-RWS. Also before the Court is Defendants' Motion to Compel Discovery [50] in Case No. 1:07-CV-00741-RWS. After reviewing the record, the Court enters the following Order.[1]

**Discussion**

**I.      Plaintiffs' Motions to Compel**

In Case No. 1:06-CV-3087, Plaintiffs have filed three Motions to Compel asserting that Defendants' responses to Plaintiffs' discovery requests were insufficient, and requesting that the Court compel Defendants to revise and supplement their written responses. (Dkt. No. [98] at 1; Dkt. No. [100] at 1; Dkt. No. [122] at 1.) Plaintiffs filed motions to compel against Defendant H. Martin Sprock, III [98], Defendant Mama Fu's Noodle House, Inc. [100], and an "Omnibus Motion" against all Defendants collectively [122]. Specifically, Plaintiffs state that "Defendants' responses were frivolous, evasive, incomplete

---

[1]Pursuant to its authority under Rule 42(a), the Court consolidates these two actions for the limited purpose of considering these motions. See FED. R. CIV. P. 42(a).

2

and did not comply with Fed. R. Civ. P. 34 or 37." (Dkt No. [122] at 1.) In support, Plaintiffs cite to "boilerplate objections" by Defendant as evidence of non-compliance with Plaintiffs' discovery requests. (Id.)

Defendants' Response to Plaintiffs' Omnibus Motion generally encompasses the arguments set out in their response to the other pending Motions to Compel [139]. In response, Defendants assert that they have complied with numerous deposition, interrogatory and document requests, including hard copy and Electronically Stored Information ("ESI") production. (Dkt. No. [139] at 4.) Further, Defendants assert that their "boilerplate objections" were appropriately tailored and responsive to Plaintiffs' requests. (Id. at 15.) Next, Defendants object to the production of documents included in Plaintiffs' Motion to Compel relating to the issue of piercing the corporate veil as irrelevant, moot, and overly burdensome. (Id. at 7-8.) Similarly, Defendants assert that many of Plaintiffs' requested documents are irrelevant as not pertaining to an actual claim or defense. (Id. at 10.) Finally, while Defendants cite specific objections to the production of outstanding ESI and outline the difficulties of compliance with Plaintiffs' ESI discovery requests, they state that

3

they are working towards a resolution and will continue to supplement production. (Id. at 16.)

In their Reply, Plaintiffs assert that the documents specified in the discovery request pertain to actual, non-moot claims or issues in the case. (Dkt. No. [150] at 2-5, 9.) Further, Plaintiffs argue that they should not be prejudiced by Defendants' ESI production difficulties. (Id. at 6.)

## II. Defendants' Motion to Compel

Defendants filed a Motion to Compel in Case No. 1:07-CV-00741-RWS asserting that Plaintiffs have failed to respond to Defendants' First Set of Interrogatories and Document Requests due on December 12, 2007. (Dkt. No. [50] at 2.) Defendants allege several instances where counsel has conferred in good faith with Plaintiffs' counsel in an attempt to resolve the discovery dispute without the Court's involvement. (Id.) Defendants further assert that despite Plaintiffs' assurance that the interrogatory and document request responses were forthcoming, Defendants have not received Plaintiffs' responses to the discovery requests. (Id. at 3.) As a result of the perceived failure of Plaintiffs to properly comply with discovery requests, Defendants filed this Motion to Compel. (Id.)

4

In response, Plaintiffs deny that they have been refusing to comply with Defendants' document requests. (Dkt. No. [61] at 4.) Rather, Plaintiffs assert that they have been working diligently to comply with Defendants' discovery requests but state that, "Defendants were incessantly barraging Plaintiffs' counsel with discovery requests related to upcoming depositions of various plaintiffs in the related *Peterson* case, eating up increasing amounts of time." (Dkt. No. [61] at 2.) In addition, Plaintiffs dispute Defendants' good faith effort to resolve the issue without the Court's involvement. Id. at 4. However, Plaintiffs admit that the case has been placed on the "back burner" and resolve to produce the outstanding discovery requests within weeks. Id. at 6.

In reply, Defendants assert that they have made reasonable efforts to work with Plaintiffs in obtaining the requested discovery responses. (Dkt. No. [67] at 3.) In support of their good faith efforts, Defendants attached an affidavit from counsel detailing a proposal made to Plaintiffs' counsel in an attempt to resolve the discovery dispute. ("Exhibit Declaration of Ann M. Byrd" Dkt. No. [67].) The Court finds the proposal outlines a reasonable compromise to the arguments of both parties in the above captioned cases.

## III. Court's Discovery Dispute Order

After a review of the record and the pleadings in both cases, the Court finds that no party has properly met its discovery obligations. Rather than granting either parties' motions to compel, the Court will endeavor to establish a procedure to get discovery accomplished and move the cases forward. Therefore, both Parties' Motions to Compel are **DENIED**. The Court sets the following time line for resolution of the discovery issues. Both parties shall have thirty (30) days from this Order's issue date in which to comply with all outstanding discovery requests addressed by this Order in Case Nos. 1:06-CV-3087-RWS and 1:07-CV-00741-RWS. Upon the expiration of this period, the parties shall have a period of ten (10) days within which to confer regarding any remaining disputes to determine whether any can be promptly resolved. Absent the resolution of the remaining disputed issues, the parties shall have a period of ten (10) days thereafter within which to file new motions to compel, tailored to any actual remaining disputes. The discovery period shall be extended in Case Nos. 1:06-CV-3087-RWS and 1:07-CV-00741-RWS until fifty (50) days after the issue date of this Order.

AO 72A
(Rev.8/82)

## Conclusion

For the foregoing reasons, in Case No. 1:06-CV-3087-RWS, Plaintiffs' First Motion to Compel Discovery and Production of Documents from Defendant H. Martin Sprock, III [98] is **DENIED**, Plaintiffs' First Motion to Compel Discovery and Production of Documents from Defendant Mama Fu's Noodle House, Inc. [100] is **DENIED**, and Plaintiffs' Motion to Compel Production [122] is **DENIED**. In Case No. 1:07-CV-00741-RWS, Defendants' Motion to Compel Discovery [50] is **DENIED**.

Both parties are **ORDERED** to comply with the terms of this Order. The discovery period in Case Nos. 1:06-CV-3087-RWS and 1:07-CV-00741-RWS is **EXTENDED** until fifty (50) days after the issue date of this Order.

**SO ORDERED** this  9th  day of October, 2008.

_/s/ Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)