# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BROWN, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-0741-RWS |
| MOE'S SOUTHWEST GRILL, LLC, : | |
| et al., : | |
| : | |
| Defendants. : | |

## **ORDER**

This case comes before the Court on Defendants' Motion to Dismiss, Entirely Counts I, II, and IV-XI, and, in part, Count III of the Second Amended Complaint [96]. After a review of the Record, the Court enters the following Order.

I.  Factual Background

Plaintiffs, comprised mainly of investors and franchisees of the Defendants and their affiliates initiated this action for claims allegedly arising out of franchise agreements to operate Moe's Southwest Grill franchises. (Second Amended Complaint Dkt. No. [94].) Plaintiffs allege in their Second Amended Complaint that Defendants made misrepresentations in the Uniform

Franchise Offering Circulars ("UFOCs") and franchise agreements ("Agreements") and failed to disclose "kickback" payments from suppliers. Id. Defendants have moved to dismiss Counts I, II, and IV-XI, and, in part, Count III of the Second Amended Complaint.

II.   Motion to Dismiss Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the *reasonable inference* that the defendant is liable for the conduct alleged. Id. (emphasis added).

AO 72A
(Rev.8/82)

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. In light of this standard, the Court now examines Defendants' Motion to Dismiss.

III.     Georgia Civil RICO and Fraud (Counts I and II)

Defendants seek a dismissal of Counts I and II on the basis that Plaintiffs have failed to sufficiently allege the requisite elements of the claims. A claim under Georgia Civil RICO requires a demonstration of a "pattern of racketeering activity" along with a "direct causal connection between [the] injury and the commission of the predicate acts." O.C.G.A. § 16-14-4; O.C.G.A. § 16-14-3(2); Marshall v. City of Atlanta, 195 B.R. 156, 167 (N.D. Ga. 1996). Specifically, Defendants argue that Plaintiffs' Georgia Civil RICO claim fails to assert any intent on the part of Defendants to commit the alleged

3

AO 72A
(Rev.8/82)

predicate act of theft by deception. Furthermore, Defendants claim that Plaintiffs have not demonstrated a close nexus between the alleged predicate acts and any sustained injury.

As to the fraud claim asserted in Count II, Defendants argue that Plaintiffs have failed to allege facts supporting scienter as required under a cause of action for fraud. (See Crawford v. Williams, 258 Ga. 806, 806, 375 S.E.2d 223, 224 (1989) stating "[t]he tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff.")

While the Court finds that Plaintiffs could have provided more clearly stated factual allegations in the Second Amended Complaint, particularly considering this is Plaintiffs' third effort at drafting a sufficient complaint, the burden at this stage of the litigation is only such that the court must be able to reasonably infer a plausible claim and liability from the alleged facts. The Court finds that Plaintiffs have met this burden. The Second Amended Complaint, when viewed in its totality, alleges sufficient facts to support Plaintiffs' claims for a Georgia Civil RICO and fraud claim. Therefore, Defendants' motion to dismiss Counts I and II is denied.

4

IV. <u>Negligent Misrepresentation and Negligent Omissions (Count III)</u>

Defendants ask the Court to dismiss Count III as to Plaintiffs Peterson, McKeown, KKET, CNG, Pena, Sedohr, Redclay, and Roosevelt because these Plaintiffs have failed to identify which UFOC they received in the course of negotiations with Defendants. The Court finds that each Plaintiff has sufficiently plead reliance on misrepresentations and disclosures in a UFOC and negligence on the part of Defendants. That they failed to specifically identify the particular UFOC is not fatal at this time. Defendants' motion to dismiss Count III as to Plaintiffs Peterson, McKeown, KKET, CNG, Pena, Sedohr, Redclay, and Roosevelt is denied.

Further, Defendants contend that Count III should be dismissed as to Plaintiff John Usher, because he received a 2004 UFOC which did not contain any misrepresentations. Defendants attach to the dismissal motion a signed receipt which they cite as evidence that Usher received a 2004 UFOC and not a 2003 UFOC as Plaintiff claims. Defendants urge the Court to consider the attached exhibit, or in the alternative, convert the argument regarding Plaintiff Usher into a motion for summary judgment. The Court declines to convert the issue into a motion for summary judgment. Further, as Plaintiff Usher contends

AO 72A
(Rev.8/82)

he received a 2003 UFOC, the Court may not consider an attached document evidencing receipt of a 2004 UFOC. (See Day v. Taylor, 400 F.3d 1272 (11th Cir. 2005) stating "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.") The 2003 UFOC is central to the Plaintiff's claim and may be considered by the Court. A factual dispute exists as to which UFOC Plaintiff Usher recieved. Accordingly, Defendants' motion to dismiss Count III as to Plaintiff Usher is denied.

V. State Consumer Protection and Unfair and Deceptive Trade Practices Claims (Counts IV- VII)

First, Defendants argue that Counts IV- VII should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to demonstrate a claim upon which relief can be granted. Defendants argue, as above, that Plaintiffs' consumer protection counts amount to mere formulaic recitations of fact that do not support the application of the state statutes. Upon review of the Second Amended Complaint, the Court finds that Plaintiffs have provided sufficient factual allegations such that the Court can reasonably infer liability. The

6

allegations of Counts IV- VII, when viewed in conjunction with the incorporated factual allegations of the Second Amended Complaint, state plausible claims for relief such that Plaintiffs have met the requisite standard.

Second, Defendants contend that Counts IV- VII are barred by the choice of law provision contained in the Plaintiffs' Franchise Agreements. The parties do not dispute that the Agreements contain a choice of law provision that states, in part:

> "the terms of this Agreement shall be interpreted and construed in accordance with the laws of the State of Georgia."

*See, e.g* Def.'s Motion at Ex. A, ¶ 31. Defendants argue that this provision bars the application of claims brought under the laws of a state other than Georgia. (Dkt. No. [96] at 19.) In support, Defendants cite to Hardee's Food Systems, Inc. v. Bennett, 89-8069-CIV, 1994 WL 1372628 (S.D. Fla. March 24, 1994 for the assertion that a choice of law provision precludes the application of the laws of a foreign state. However, in Hardee's, the choice of law provision was drafted more broadly and encompassed "any conflict of law" under the agreement. (See id. at *5, n. 4 choice of law provision "[t]his Agreement takes effect upon its acceptance and execution by LICENSOR in North Carolina, and

7

shall be interpreted and construed under the laws thereof, which laws shall prevail in the event of any conflict of law.") The relevant provision in the case herein is much more narrow in that it dictates the choice of law under which only contractual interpretations and constructions of the terms of the Agreement will be governed. This provision does not bar the application of tort or statutory claims arising in other states. The Court finds guidance in the Young v. W.S. Babcock Corp., 222 Ga. App. 218, 474 S.E.2d 87 (1996) opinion, holding that a similarly drafted choice of law provision did not govern "any and all claims arising out of the relationship between the parties." Similarly, Plaintiffs are not precluded from asserting a tortious claim for a violation of a foreign state statute. Defendants' choice of law argument as a basis for dismissal of Counts IV- VII is denied.

Finally, Defendants argue that Plaintiff Edward Tronnes' cause of action for violation of the Kansas Consumer Protection Act ("KCPA") (Count VI) is barred by the applicable three-year statute of limitations. In opposition, Plaintiff Tronnes contends that an issue of fact exists as to when he discovered the alleged fraud, triggering the statute of limitations. However, Court finds that the KCPA does not contain a discoverability provision. See Four Seasons

Apartments, Ltd. v. AAA Glass Service, Inc., 152 P.3d 101, 105 (Kan. Ct. App. 2007) (rejecting the argument that the KCPA contains a discoverability provision and holding that "KCPA claims and common-law fraud claims are not the same and, therefore, the discoverability rule…is not applicable to KCPA claims.")

In the alternative, Plaintiff states that his claims under the KCPA are preserved by the parties' tolling agreement, which included a limited waiver of the one-year contractual limitations provision contained in the franchise agreements. (See Dkt. No. [96] Exh. C.) However, such waiver expressly provided that "all other statutory and contractual statutes of limitations not expressly waived herein are retained and are of full force and effect." Id. Accordingly, the Limited Waiver applies to the one-year contractual limitation contained in the Agreement and does not toll the statutory limitation period contained in the KCPA. The Court finds that Plaintiff Tronnes' cause of action under the KCPA is time-barred. Defendants' motion to dismiss Count VI is granted.

9

### VI. Tortious Interference (Count VIII)

Defendants assert that Plaintiff David Titshaw's claim for tortious interference fails to plead adequate facts and should be dismissed. Plaintiff does not offer any argument in opposition. Upon a review of the Second Amended Complaint, the Court finds that Plaintiff Titshaw has not alleged sufficient factual basis for his claim such that the Court may reasonably infer liability. Accordingly, Defendants' motion to dismiss Count VIII is granted.

### VII. Intentional Infliction of Emotional Distress (Count IX)

Defendants request that the Court dismiss Plaintiff Titshaw's claim for Intentional Infliction of Emotional Distress for failure to plead facts and circumstances to support allegations that Defendants intentionally engaged in conduct that was so extreme and outrageous as to cause Plaintiff emotional distress. In reviewing the Second Amended Complaint, particularly paragraphs 136-140, the Court finds that Plaintiff Titshaw has sufficiently plead facts upon which a claim for Intentional Infliction of Emotional Distress may rest. Whether such alleged action rises to the level of "extreme and outrageous" such that Defendants should be held liable is not a question before the Court at this time. Defendants' motion to dismiss Count IX is denied.

AO 72A
(Rev.8/82)

## VIII. Wrongful Termination of Franchise and Fraud (Counts X and XI)

Plaintiffs Ray and Betsy Orgera allege that Defendants engaged in harassing conduct and refused to provide Plaintiffs with a 2003 UFOC as previously agreed. Plaintiffs claim that Defendants' actions constituted fraud and resulted in the termination of their franchise store located in Southaven, Mississippi. Plaintiffs request leave from the Court to amend the Second Amended Complaint in an effort to more accurately plead the relevant facts. Defendants argue that Plaintiffs' claims for wrongful termination of franchise and fraud (Count X and XI) arise from a completely separate set of factual allegations than the other counts listed in the Second Amended Complaint. As such, Plaintiffs' claims added in the amended versions of the Complaint are barred by the one-year contractual limitation provisions.

The Court finds that Plaintiffs' claims for wrongful termination of franchise and fraud (Count X and XI) are not sufficiently linked with the supply chain issues such that they should relate back to the filing of the original Complaint. Plaintiffs' causes of actions in Counts X and XI arise from a set of factual allegations that are separate and distinct from the conduct upon which

11

the remaining counts are based. Accordingly, Defendants' motion to dismiss Counts X and XI is granted.

## Conclusion

Defendants' Motion to Dismiss [96] is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** as to Counts VI, VIII, X, and XI. The Motion is **DENIED** as to Counts I, II, III, IV, V, VII, and IX. Therefore, Counts VI, VIII, X, and XI of Plaintiffs' Second Amended Complaint are **DISMISSED**. The parties shall confer in an effort to agree on a scheduling order governing discovery. In the event the parties are unable to submit a consent order by January 15, 2010, each party shall submit a proposed scheduling order to the Court by that date. Discovery shall then proceed in accordance with the Court's order.

**SO ORDERED**, this __21st__ day of December, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)