**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MASSEY, INC., *et al.*, | : |
| | : |
|     Plaintiffs, | : |
| | : |
| v. | :    CIVIL ACTION NO. |
| | :    1:07-CV-741-RWS |
| MOE'S SOUTHWEST GRILL, | : |
| LLC, *et al.*, | : |
| | : |
|     Defendants. | |

**<u>ORDER</u>**

This case comes before the Court on Plaintiffs David Titshaw, Taylor

Investment Partners II, LLC, Rounding Third, LLC, and 3M Restaurants,

LLC's Motion for Reconsideration [292]. After a review of the record, the

Court enters the following Order.

On April 17, 2012, this Court issued an order which granted the

Defendants' Motion for Summary Judgment [199] against these Plaintiffs. Dkt.

No. [285]. There, the Court found that these Plaintiffs' claims were barred by

the one-year contractual-limitations term because the 2005 UFOC put them on

notice of Sprock's ownership interest in SOS, and knowledge of that ownership

provided them with inquiry notice of the kickback scheme. <u>Id.</u> at 15-21.

In finding for the Defendants, the Court first rejected Plaintiffs' position that because they did not have a duty to read the UFOC, they should not be charged with notice of the UFOC's terms. The Court relied on persuasive authority from securities-law jurisprudence and found that the contractual-limitations provision's "discovery of the facts" term meant that the Court's inquiry was not whether the Plaintiffs had a duty to read the document, but rather whether a reasonably prudent franchisee would have read the UFOC. Finding that a franchisee would, the Court charged the franchisees with notice of the UFOC's terms, regardless of whether the Plaintiffs actually read the document. Id. at 15-20.

The Plaintiffs do not challenge the Court's first holding. Rather, the Plaintiffs challenge the Court's second holding that knowledge of Sprock's ownership percentage was sufficient to put them on notice of the fraud. Essentially, the Court found that because Plaintiffs argue that the kickback occurred by virtue of Sprock's ownership, and the Plaintiffs had knowledge of that ownership via the UFOC, the franchisees were on inquiry notice of the kickback scheme. Id. at 20-21. Therefore, the Court found that because the Plaintiffs had knowledge of the scheme more than one year before filing suit, these Plaintiffs claims were barred. Plaintiffs now argue that the Court should

2

revisit its decision and reverse summary judgment for the Defendants on the contractual-limitations provision.

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Consequently, motions for reconsideration are not to be submitted as a matter of course, but only when "absolutely necessary." Id. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).

Conversely, motions for reconsideration may not be used as a vehicle to present the court with arguments which have already been raised and rejected, or to "repackage familiar arguments to test whether the court will change its mind." Bryan, 246 F. Supp. 2d at 1259 (N.D. Ga. 2003). Likewise, such motions "may not be used to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).

Plaintiffs argue that the Court made a "clear error [in] granting summary

3

judgment on inquiry notice grounds." Dkt. No. [313] at 5 n.2. Essentially, they

argue that the Court is forcing the Plaintiffs to make a "logical leap" between

knowing the Sprock had an ownership percentage and knowing that illegal

kickbacks had occurred. In support of their position, the Plaintiffs point to Item

8 of the UFOC, which states:

> 8. **RESTRICTIONS ON SOURCES OF PRODUCTS AND
> SERVICES**
>  . . .
> One of our approved suppliers, Systems Opportunities Savings
> ("SOS") provides food brokerage services to MOE'S franchisees.
> SOS is indirectly related to us through Martin Sprock, our Chief
> Executive Officer and President, who is a 50% equity holder in
> SOS. Individually, Mr. Sprock also holds a small minority interest
> in two other suppliers in our system: Atlanta Lighting and Kudzu
> International. We do not derive revenue, directly or indirectly,
> from any of these suppliers in connection with the services or
> products they provide to our franchisees.

Dkt. No. [199-2] at ¶ 14. Plaintiffs argue that because the Defendants stated in

the last sentence, "[w]e do not derive revenue, directly or indirectly, from any

of these suppliers in connection with the services or products they provide to

our franchisees," Plaintiffs were reasonable not to inquire further into the

ramifications of Sprock's SOS equity-stake.

However, first, the Court notes that Plaintiff essentially concedes its

motion is improper as it is only "an expansion upon those [arguments]

previously made." Dkt. No. [313] at 5 n.2. However, even turning to the previously-rejected arguments, the Court finds that a reasonable franchisee would have inquired into Sprock's ownership percentage. Additionally, the Court is not troubled by the final statement in Item 8 because, under that document, "we" is defined as "Moe's Southwest Grill, LLC"–and did not include Sprock. Thus, the statement is not false.

Plaintiffs argue that because SOS was an affiliated company, Defendants were required to disclose SOS proceeds which were derived from the franchisees purchases. And, because the UFOC said that "we" did not derive any proceeds, Plaintiffs reasonably assumed that "we" included Sprock–even though "we" was not defined as such. However, this argument is contrary to the four corners of the document. "We" was defined as "Moe's Southwest Grill, LLC"; thus, a reasonable Plaintiff would have inquired as to whether Sprock–a party defined as having ownership in SOS but not included in the revenue disclaimer–was receiving proceeds from franchisee purchases. Accordingly, Plaintiffs' Motion for Reconsideration [292] is **DENIED**.

**SO ORDERED**, this  3rd  day of August, 2012.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)