**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MASSEY, INC., *et al..*, :<br>   :<br>   Plaintiffs,   :<br>   :<br>v.   :<br>   :<br>MOE'S SOUTHWEST GRILL,   :<br>LLC, *et al.*,   :<br>   :<br>   Defendant.   : | CIVIL ACTION NO.<br>1:07-CV-0741-RWS |

## **ORDER**

This case comes before the Court on Defendants' Motion for Attorneys' Fees and Memorandum in Support ("Def.s' Motion") [286]. After reviewing the record, the Court enters the following Order.

## **Background**

This case has been ongoing for over five years and has involved extensive motions practice and discovery. On April 17, 2012, this Court granted partial summary judgment for Defendants and dismissed the claims of

twelve Plaintiffs.[1]  (April 2012 Order, Dkt. [285].)  Defendants now seek attorneys' fees in the amount of $1,026,893.61 from the losing Plaintiffs, jointly and severally.  (Defendants' Detailed Itemization and Documentation of Attorneys' Fees ("Def.s' Itemization"), Dkt. [314] at 2.)  Specifically, Defendants seek fees for document review, motions practice, and depositions related to the losing Plaintiffs' claims.  (Id. at 10-14.)  As of the date of this Order, twelve other Plaintiffs remain parties to this action.

## Discussion

Defendants argue that they are entitled to recover attorneys' fees under the Market Development Agreements ("MDA") executed by each of the twelve losing Plaintiffs.  (Def.s' Motion, Dkt. [286] at 5-12.)  The losing Plaintiffs argue, among other things, that it would be improper to hold them responsible for all of Defendants' attorneys' fees, including those incurred in relation to the

---

[1] The twelve losing Plaintiffs on summary judgment include: 3M Restaurants, LLC; CCM Restaurants, LLC; JFM Restaurants, LLC; The Jimmy Legs Group, LLC; John McKeown; Moe's Bros, LLC; Moe's Brunswick, LLC; Rounding Third, LLC; SMI Restaurants, LLC; Taylor Investment Partners, II, LLC; David Titshaw; and Edward Tronnes.  The Court notes that several other Plaintiffs in the action were voluntarily dismissed throughout 2010 and 2011.

2

claims of other dismissed and active Plaintiffs in the lawsuit.  (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Attorneys' Fees ("Pl.s' Mem."), Dkt. [303] at 19-20.)  The Court agrees with Plaintiffs.

Even assuming that Defendants are entitled to attorneys' fees under the losing Plaintiffs' MDAs, Defendants' motion to recover these fees is premature.  There are twelve Plaintiffs remaining in the lawsuit, including two (Neil Griffeth and Gryphmore Foodservices of Kentucky, Inc.) that survived the Court's partial granting of summary judgment.  (See April 2012 Order, Dkt. [285] at 22-23.)

Defendants claim they have made reasonable deductions "to remove fees and costs related to portions of the case unrelated to the 12 Plaintiffs against whom judgment was entered." (Def.s' Itemization, Dkt. [314] at 10.)  Specifically, Defendants do not seek fees and expenses incurred in connection with depositions of Plaintiffs other than the losing Plaintiffs and "other fees and expenses have been deducted based on counsel's current inability to determine definitively whether such fees are reasonably related to the claims of the losing

3

Plaintiffs."[2] (Id. at 11-12.) However, Defendants do seek fees from the losing Plaintiffs incurred, since the inception of the case, for motion practice and document review related "*to the causes of action* asserted by these 12 losing Plaintiffs." (Id. at 12-13) (emphasis added).

Defendants argue that recovering fees jointly and severally against the twelve losing Plaintiffs is reasonable under the circumstances. (Id. at 14.) In support of this argument, they claim that "breaking down the work with respect to each Plaintiff would in many cases be next to impossible, because the claims asserted by each Plaintiff substantially overlap, such as fraud, Georgia RICO, and negligent representation, which all of the losing Plaintiffs asserted." (Id. at 14.) This is precisely why the Court finds Defendants' motion premature.

*All* of the Plaintiffs in the case, including the twelve remaining Plaintiffs and Plaintiffs voluntarily dismissed earlier in the litigation, asserted claims for Georgia RICO, fraud in the inducement and fraudulent omissions, and negligent misrepresentation and negligent omission – the claims primarily at issue through the summary judgment phase. (See Second Amended Complaint, Dkt.

---

[2] Defendants list these deductions in Exhibit 8 [314-11], but provide no information regarding how these deductions are related to *losing* versus *non-losing* Plaintiffs.

AO 72A
(Rev.8/82)

[94] ¶¶ 73-95.)  Therefore, Defendants' document review and motion practice with regard to these causes of action were arguably incurred to defend against all Plaintiffs, not just the twelve that were dismissed on summary judgment. Consequently, the Court agrees that it is improper at this stage to require the twelve losing Plaintiffs (to date) to bear all of Defendants' attorneys' fees.

Because this action has not been resolved as to all Plaintiffs and because Defendants may be entitled to (and may seek to) recover attorneys' fees from remaining Plaintiffs that have asserted the same causes of action as the losing Plaintiffs, the Court will not award attorneys' fees at this time.

## Conclusion

Based on the foregoing, Defendants' motion is **DENIED** as untimely. Defendants may re-file a motion for attorneys' fees when this action has been resolved as to all Plaintiffs.

**SO ORDERED**, this  21st  day of December , 2012.

_____
**RICHARD W. STORY**
United States District Judge

5