IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MASSEY, INC., *et. al*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-0741-RWS |
| MOE'S SOUTHWEST GRILL, : | |
| LLC, *et. al*, : | |
| : | |
| Defendants. : | |

## **ORDER**

This case is before the Court on Plaintiffs David Titshaw; Taylor Investment Partners II, LLC d/b/a Tip II Ansley, LLC and Tip II Suburban, LLC; Rounding Third, LLC; 3M Restaurants, LLC; and The Jimmy Legs Group, LLC's (collectively, "Movants") Motion for Certification Pursuant to Federal Rule of Civil Procedure 54(b) [337]. After reviewing the record, the Court enters the following Order.

## **Background**

On April 17, 2012, this Court, having found that Movants' claims were not timely filed, entered summary judgment against Movants on Counts I, II, and III of the Complaint. Movants filed a Motion for Reconsideration of the

Order, which was denied by this Court on August 3, 2012. Movants appealed the Order. The Eleventh Circuit, *sua sponte*, ordered the appeal dismissed for lack of jurisdiction, determining that the appeal was not from a "final order" in the underlying case. Accordingly, Movants now seek a certification from this Court under Federal Rule of Civil Procedure ("Rule") 54(b) so that they may proceed with their appeal.

## Discussion

As a result of this Court's April 17, 2012 Order, Movants' claims were extinguished. However, claims of other Plaintiffs in the case are pending, along with certain counterclaims and cross-claims, all of which must be resolved before a final judgment can be entered in the case. Movants argue that this will force them to wait many months before they can appeal the Court's Order against them. Given that the claims of Movants and the remaining Plaintiffs involve many of the same parties, witnesses, and evidence, Movants assert that it would be more efficient for Movants to proceed with an immediate appeal so that if the Court's decision is reversed, Movants can rejoin the litigation. Even if Movants are not able to rejoin and participate in the litigation, they argue,

there is nothing at issue in the case that warrants delay of a final resolution of Movants' claims.

Rule 54(b) provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . .

"The Rule provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). "Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Id. at 166 (internal quotations and citations omitted). "As a prerequisite to Rule 54(b) certification, the district court must evaluate whether there is any just reason to delay the appeal of individual final judgments." Id. at

165.  "The question requires the district court to balance judicial administrative interests and relevant equitable concerns."  Id. at 165-66.

Movants argue that there is no danger of "piecemeal appeals" here because Movants' appeal is wholly unique and in no way applies to other Plaintiffs in the case.  Further, they contend, the interests of judicial administration favor Movants' immediate appeal because the discrete issue on appeal – whether Movants had inquiry notice that triggered their claims – is not dependant upon resolution of any remaining claims in the case, and if Movants' appeal is successful, it would be more efficient to try all of the Plaintiffs' claims at once.  If Movants' appeal is unsuccessful, on the other hand, Movants will not be part of the case and the remaining claims and issues will not be affected.  Finally, they argue, if the Court decides not to issue a Rule 54(b) certification and the Court's Order is reversed on appeal, the Court could potentially have to conduct a separate trial on Movants' claims, which would be a wasted of time and resources, and place an undue burden on other parties and witnesses in the case.

The Court agrees with Movants that the interests of efficiency and judicial administration favor immediate appeal in this case.  The Court finds no

4

just reason to delay the appeal of the final judgment against Movants.

Therefore, Movants' Motion for Certification Pursuant to Rule 54(b) is **GRANTED**.

## Conclusion

Based on the foregoing, Movant's Motion for Rule 54(b) Certification [337] is **GRANTED**. The Clerk is **ORDERED** to enter final judgment in favor of Defendants and against Plaintiffs David Titshaw; Taylor Investment Partners II, LLC d/b/a Tip II Ansley, LLC and Tip II Suburban, LLC; Rounding Third, LLC; 3M Restaurants, LLC; and The Jimmy Legs Group, LLC's.

**SO ORDERED**, this  8th  day of May, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)