IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| MASSEY, INC., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:07-CV-741-RWS |
| | : | |
| MOE'S SOUTHWEST GRILL, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This action comes before the Court for resolution of various motions. The Court will address each motion in turn below. The Court is well familiar with the procedural and factual background of the case and will refrain from recounting the extensive summary herein. After reviewing the record and the parties' briefs, the Court enters the following Order.

**A.    Defendants' Motion to Exclude Spoliage Evidence [347]**

Defendants collectively filed the Motion to Exclude Spoliage Damages where they seek an order from this Court barring Plaintiffs from introducing evidence relating to alleged failure to preserve evidence necessary for damage

calculation. (Dkt. No. [347].) Plaintiffs assert that they do not seek a new category of damages but that they seek a sanction for Defendants' failure to preserve the "standards and specifications" for the Moe's food products. (Id. at 2.) As a result, Plaintiffs contend that they lack the necessary evidence to calculate damages relating to their claim of kickbacks arrangements in the food supply chain and are forced to speculate as to the damages. (Id.) In their Motion, Defendants contend that this Court should exclude spoliage evidence for three reasons: (1) Plaintiffs failed to disclose this category of damages during fact discovery; (2) there is no evidence of spoliage to support admission of such evidence; and (3) the spoliage calculations are too speculative. [357.]

   First, this Court finds that, contrary to Defendants' categorization, the spoliage damages are not a "new" category of damages but rather an appropriate and reasonable sanction for any failure to maintain and/or produce requested and necessary evidence. Accordingly, any failure to specifically outline spoilage damages during fact discovery does not preclude Plaintiffs from seeking such now. Further, the evidence demonstrates that Plaintiffs clearly sought information pertaining to the "standards and specifications" through formal and informal discovery. (Dkt. No. [357] pp. 2-4.) While some

2

information may have been obtained from third party vendors, undoubtably, Defendants were aware that Plaintiffs were requesting the standards and specifications and were obligated to maintain and provide any records in their possession. Accordingly, Defendants cannot now assert that the category of spoilage is a surprise damages category.

However, upon review of the record, this Court is unpersuaded that Plaintiffs have met their burden of establishing that a sanction for spoliation is appropriate. While Defendants were clearly aware that Plaintiffs were seeking the standards and specifications, there is no evidence to support a contention that Defendants destroyed the requested documents. Other than the correspondence which states that Defendants do not "now" possess the standards and specifications, Plaintiffs have not demonstrated any misfeasance on the part of Defendants. In fact, nothing in the e-mails suggests that Plaintiffs believed Defendants had such documents in their possession to turn over, or believed that Defendants were engaging in any misfeasance with respect to their discovery obligations. Further, Plaintiffs were made aware at least as early as April 23, 2009, that Defendants did not possess the necessary documents and that any requests should be directed to third party vendors. (Dkt. No. [399] p.

3

7.) Subsequent communication with the third party vendors indicates that Plaintiffs came to rely exclusively on the third parties for the standards and specifications documents.  Prior to identifying spoilage damage through their expert reports, Plaintiffs did not assert that Defendants engaged in any spoilage of the standards and specification documents.  Plaintiffs have not brought forth any evidence to demonstrate that Defendants destroyed or improperly failed to maintain the documents.  Accordingly, this Court finds that Plaintiffs have not established that they are entitled to any sanctions for spoilage.  For this reason, the Court **GRANTS** Defendants' Motion to Exclude Evidence of Spoilage Damage [347].

**B.**     **Defendants' Motion for Summary Judgment as to Damages Claims of Scott Walker and Steven Walker [349]**

Defendants seek judgment as a matter of law on claims asserted by Plaintiffs Scott and Steven Walker (hereinafter the "Walkers").  The Walkers assert tort claims and individual monetary damages arising from Moe's alleged kickback scheme. (Dkt. No. [377].)  The uncontroverted evidence demonstrates that the Walkers were primary shareholders of Scoven Enterprises which owned and operated two limited liability companies that were Moe's franchisees- JSW

Embry Village, LLC, and JSW Cascade, LLC. (Dkt. No. [349] p. 2.) Further, the evidence is clear that any damages- arising either in tort or contract- belong to the individual restaurant companies themselves, not the Walkers individually. This Court finds that the Walkers cannot individually maintain an action in this case for damages sustained by either Scoven or JSW Cascade because these alleged damages were suffered by companies and not their owner-shareholders. Defendants are correct that this is not a derivative suit and that the Walkers have not asserted a basis under which they can personally recover. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment as to the claims of Plaintiffs Scott and Steven Walker [349].

**C.     Defendants' Motion for Summary Judgment as to Damages Claims of Ray Orgera, Betsy Orgera and Barco Grills, LLC [350]**

Defendants next seek judgment as a matter of law on the claims and damages asserted by Plaintiffs Ray Orgera, Betsy Orgera and Barco Grills, LLC (collectively "the Orgeras") on the basis that the Orgeras failed to produce necessary documentation of their IJ invoices to support their kickback claims. (Dkt. No. [350].) In response, Plaintiffs contend that they have not produced the physical documents in accordance with a previous agreement with

5

Defendants' counsel, but that they are in possession of the necessary documents [380].  Defendants' Motion for Summary Judgment [350] is **DENIED**.  Plaintiffs Orgeras are **ORDERED** to produce the IJ invoices responsive to Defendants' discovery request within fourteen (14) days of this Court's Order.  If Plaintiffs fail to comply, Defendants may refile the Motion.

**D.     Defendants' Motion for Summary Judgment as to Damages Analyses Relying Upon Previously- Undisclosed Documents [351]**

Defendants seek judgment as a matter of law asking the Court to dismiss the claims of eight Plaintiffs due to a failure on their part to produce documents substantiating their claims for damages [351].  Specifically, Defendants contend that these Plaintiffs have not produced the requested and responsive documents to support the expert report of Mr. Shayne Smith. As such, in accordance with Federal Rule of Civil Procedure 37(c), Defendants seek dismissal of Plaintiffs' claims relying on the expert testimony.  In response, Plaintiffs argue that they have the documentation and evidence to support Mr. Smith's report and have identified such documents in response to Defendants' document request. (Dkt. No. [381].)  However, again, Plaintiffs state that they have not produced the documents because of some unspecified agreed-upon negotiation with

6

Defendants' previous counsel. *Id.* According to Plaintiffs, the prior oral agreement provides that "these types of documentations would not need to be copied, scanned, bate-stamped or produced until such later time in litigation as the materials were deemed to be needed, and arrangements for the timing, manner and mode of such production would be worked out." (Dkt. No. [381] at 8.) The Court finds that the need and time for production is long upon us. This Court cannot ascertain why Plaintiffs would choose to litigate over the production of these documents pursuant to some oral unspecified conversation rather than simply produce the documents that are responsive to Defendants' production request. The case is clearly at the stage of the litigation when Plaintiffs must demonstrate the documentary evidence supporting their claims for damages and their experts' reports. This Court will rely upon Plaintiffs assertion that they are in possession of the necessary documents. Accordingly, Defendants' Motion for Summary Judgment [351] is **DENIED**. Plaintiffs will produce any and all responsive documents, at their expense, to Defendants within fourteen (14) days. Again, if Plaintiffs fail to comply with this Court's Order, Defendants may refile this Motion.

### E.  Defendants' Renewed Motion for Attorneys' Fees [369]

Defendants file a renewed motion seeking attorneys' fees and costs incurred in connection with the dismissed claims in the instant action. While the Court notes Defendants' attempt to preserve their interests by renewing this request, any action for fees at this time is premature. As this Court has previously directed, due to the potential joint and several liability of the Plaintiffs, any request for fees or costs should be reserved until the matter is resolved as to all Plaintiffs. The Renewed Motion for Attorneys' Fees is **DENIED** [369].

### F.  Defendants' Motion to Compel Payment of Expert Fees [392]

Defendants seek an Order compelling Plaintiffs to pay the fees of Defendants' expert, Mr.Daniel Cenatempo, in the amount of $6,797.30. Despite receiving previous requests for reimbursement, Plaintiffs have not paid the requested amount, arguing that the reimbursement amount is unreasonable and excessive and that Mr. Cenatempo is not a qualified expert. Instead, Plaintiffs have offered to pay Defendants $3,000 for fees associated with Mr. Cenatempo's work.

8

First, Plaintiffs contend that Mr. Cenatempo's fees are unreasonable and excessive.  Defendants seek reimbursement for the 7.5 hours Mr. Cenatempo spent responding to Plaintiffs' subpoena duces tecum, 8 hours reviewing close to 3,000 documents and preparing for his deposition, 7 hours at the deposition and nearly 2 hours reviewing the deposition transcript. (Dkt. No. [392] at 8.) Federal Rule 26(b)(4)(E) requires that the party seeking the discovery must reimburse an expert a reasonable fee for time spent responding to discovery under Rule 26.  Accordingly, the issue before the Court is whether Mr. Cenatempo's fees are reasonable.  Upon review, the Court finds that the fees are reasonable and not excessive.  Given the voluminous documents reviewed and the complex nature of the case, the expert's time and efforts were justified. Furthermore, Mr. Cenatempo is Defendants' only testifying damages expert, in comparison to the four experts identified and relied on by Plaintiffs.  For these reasons, the expert fees are reasonable under Federal Rule 26.

Second, Plaintiffs contend that Mr. Cenatempo is not qualified under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to offer any expert testimony on the issue of kickbacks in the supply chain at issue in this case. (Dkt. No. [407] at 4.)  Plaintiffs argue that the outstanding *Daubert*

9

issue precludes any payment of expert fees at this time. (*Id.*) It is undisputed that Plaintiffs have not filed a *Daubert* motion nor previously raised the issue of Mr. Cenatempo's qualification. Plaintiffs cannot avoid payment by arguing that a *Daubert* challenge is forthcoming. In the absence of a proper *Daubert* challenge, this Court will not delay an order for payment.

Defendants seek a principal payment of $6,367.50 plus interest in the amount of $429.80 for a total payment of $6,797.30. Plaintiffs asserted legitimate arguments which justified the delay in payment. Accordingly, this Court waives the interest payments. Defendants' Motion for Payment [392] is **GRANTED**. Plaintiffs are required to submit payment immediately to Defendants in the amount of $6,367.50.

### G.     Defendants' Motion to Strike Affidavit of Kevin Golding [394]

Defendants request an order striking the May 14, 2013 affidavit of Mr. Kevin Golding ("Affidavit"), filed by Plaintiffs on June 10, 2013, in opposition to Defendants' Motion for Summary Judgment as to the Claims of Ray and Betsy Orgera (Dkt. No. [350].) As Plaintiffs point out, a motion to strike is not the proper way to challenge the affidavit. Recognizing this, Defendants filed

10

Objections to the Golding Affidavit [420] contemporaneously with the filing of their Reply Brief [419] setting out the same grounds as objections.

Defendants claim that this Court should strike Mr. Golding's Affidavit because it contains new expert opinions not previously disclosed during his expert discovery. Specifically, Defendants contend that for the first time in the attached Affidavit, Mr. Golding evaluates the expert report and figures provided by Plaintiff's expert Shayne Smith. (Dkt. No. [394] at 5.) As these are new opinions proffered well outside of the close of expert discovery, Defendants ask the Court to exclude the Affidavit.

Upon review, this Court agrees that Mr. Golding's Affidavit attached by Plaintiffs in opposition to Defendants' summary judgment motion contains new opinions not previously disclosed through expert discovery. The Affiadavit does not contain opinions as to the methodology of calculating Plaintiff's damages but rather opines on the reliability of Mr. Smith's evaluation. This is a new opinion which should have been included in Mr. Golding's original report within the expert discovery period. Further, the Affidavit fails to contain the basis and reasoning behind Mr. Golding's opinions, as required by Federal Rule of Civil Procedure 26. For these reasons, this Court sustains Defendants'

11

objection to the Affidavit, and Defendants' Motion to Strike [394] is **DENIED, AS MOOT**.

## H. Plaintiffs' Motion to Withdraw as Counsel for Plaintiffs Scott Walker, Stephen Walker, JSW Embry Village, LLC, and JSW Cascade, LLC [400]

Attorneys Robert Zarco, Robert Einhorn and Leon Hirzel request an order from the Court allowing their withdrawal as counsel for the Walker Plaintiffs.  The attorneys from the Zarco Firm cite irreconcilable differences which hinder their ability to effectively communicate with the Walkers regarding this case. (Dkt. No. [400].)  This Court has granted summary judgment in favor of Defendants, finding that the Walkers cannot assert individual claims for damages. (Section B.)  Further, the law firm of Casey Gilson, P.C. remains counsel of record for the Walkers.  Therefore, the Court finds no basis for requiring the Zarco Firm to continue representing the Walker Plaintiffs.  Accordingly, the Motion to Withdraw is **GRANTED [400]**.

## I. Plaintiffs' Motion to Strike Bill of Cost [402]

Plaintiffs 3M Restaurants, LLC,, The Jimmy Legs Group, LLC, Rounding Third, LLC, Taylor Investment Partners, II, LLC, and David Titshaw

12

(collectively, "Plaintiffs") seek to strike Defendants' Itemized Bill of Costs and strike docket entry number 321.  Plaintiffs contend that the itemized bill is duplicative of an initial bill of costs filed on June 1, 2012, and pending before the Court (Dkt. No. [290].)  Plaintiffs assert that rather than notifying the Court of the pending Initial Bill of Costs, Defendants filed a second identical bill seeking to recover the same costs. (Dkt. No. [402].)  Following receipt of Defendants' second Bill of Costs [376] this Court entered a minute entry taxing costs in the amount of $29,670.00 against Plaintiffs. [395]  Plaintiffs now seek to vacate this entry and the second Bill of Costs.

The Court dismissed Plaintiffs' claims in their entirety.  As the prevailing party, Defendants are entitled to recover reasonable and appropriate costs under Federal Rule of Civil Procedure 54(d).  While such reimbursements are not limitless, Defendants are entitled to compensation for costs associated with depositions, court fees, and copying costs.  Plaintiffs are correct that the Federal Rules do not provide reimbursement for fees associated with fact finding or incurred for the attorneys' convenience.  The Court has extensively reviewed Defendants' bill of costs and finds the costs reasonable and appropriate.  However, in this bill of costs, Defendants seek reimbursement for all costs

13

incurred in this litigation against only a select group of Plaintiffs. Defendants are only entitled to compensation for the costs associated with the claims for which they were the prevailing party. Several parties and claims remain pending in this action and Defendants have not demonstrated that these costs were unique or specific to the dismissed Plaintiffs. In the absence of such a representation, the Court finds this bill of costs premature. As this Court has previously directed, due to the potential joint and several liability of the Plaintiffs, any request for fees or costs should be reserved until the matter is resolved as to all Plaintiffs. Accordingly, Plaintiffs' Motion to Strike Defendants' Second Bill of Costs is **GRANTED** [402]. The Clerk of Court's July 1, 2013 taxing of costs of $29,670.00 against Plaintiffs [395] is **VACATED**. Defendants may refile their bill of costs upon resolution of all pending claims.

### J.     Plaintiffs' Motion for Leave to File Surreply [423]

Plaintiffs seek leave of the Court to file a surreply to three of Defendants' Motions [349, 350, 351]. The Motion [423] is unopposed and is, therefore, **GRANTED**. The Court has considered the surreply for the relevant motions

AO 72A
(Rev.8/82)

## Conclusion

Based on the foregoing: Defendants' Motion to Exclude Spoliage Evidence [347] is **GRANTED**, Defendants' Motion for Summary Judgment as to Damages Claims of Scott and Steven Walker [349] is **GRANTED**, Defendants' Motion for Summary Judgment as to Damages Claims of the Orgeras [350] is **DENIED**, Defendants' Motion for Summary Judgment as to Damages Analyses Relying Upon Previously- Undisclosed Documents [351] is **DENIED**, Defendants' Renewed Motion for Attorneys' Fees [369] is **DENIED**, Defendants' Motion to Compel Payment of Expert Fees [392] is **GRANTED**, Defendants' Objection to the Golding Affidavit is **SUSTAINED**, Defendants' Motion to Strike Affidavit of Kevin Golding [394] is **DENIED, AS MOOT**, Plaintiffs' Motion to Withdraw as Counsel for Plaintiffs Scott Walker, Stephen Walker, JSW Embry Village, LLC, and JSW Cascade, LLC [400] is **GRANTED**, Plaintiffs' Motion to Strike Bill of Cost [402] is **GRANTED**, Plaintiffs' Motion for Leave to File Surreply [423] is **GRANTED**.

AO 72A
(Rev.8/82)

**SO ORDERED** this   26th   day of November, 2013.

_/s/ Richard W. Story_
**RICHARD W. STORY**
United States District Judge