IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MASSEY, INC., et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-741-RWS |
| MOE'S SOUTHWEST GRILL, : | |
| LLC, et al., | |
| : | |
| Defendants. : | |

**ORDER**

This case is before the Court on Plaintiffs' Motion for Reconsideration as to Court's Order on Spoliation Evidence [435], Plaintiffs Scott Walker and Steven Walker's Motion for Reconsideration as to Damages Claims [440], and Plaintiffs Scott Walker and Steven Walker's Motion to Amend to Join JSW Cascade, LLC as a Party Plaintiff [441]. After reviewing the record and the Parties' submissions, the Court enters the following Order.

**I.     Motions for Reconsideration**

    A.     <u>Legal Standard</u>

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but only when "absolutely

necessary." LR 7.2(E). Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).

A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259. Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

B.   Plaintiffs' Motion Regarding Spoliation Evidence [435]

Plaintiffs move for reconsideration of the Court's Order dated November 26, 2013 [432], granting Defendants' motion to exclude evidence of spoliation

AO 72A
(Rev.8/82)

damages.  As Defendants note, Plaintiffs' motion consists of recycled arguments from their initial response brief.  Therefore, the motion does not raise proper grounds for reconsideration.  However, even if the merits of Plaintiffs' motion were considered, the result would not change.

Plaintiffs argue that the Court committed clear factual and legal errors in its Order.  According to Plaintiffs, the facts show that the missing "standards and specifications" were at one time in Moe's Southwest Grill, LLC's ("Moe's") possession, and the "wholly unexplained loss" of that evidence warrants spoliation sanctions.  However, Plaintiffs' position oversimplifies the record.

In its initial briefing on this issue, Moe's did offer an explanation for why it no longer possessed the "standards and specifications" sought by Plaintiffs.[1]  Email correspondence dated March 31, 2006, explains that "quality specifications" are included in Moe's individual vendor contracts.  ([357-3] at 1-2 of 5.)  Before litigation, those contracts were turned over to select members of the franchisee-run Franchise Advisory Council.  (Id.)  Then, in 2007, Moe's

---

[1] The Court agrees with Defendants that Plaintiffs have failed to identify precisely which "standards and specifications" they believe were in Moe's possession (e.g., which products, over what time frame, etc.).

3

sold its assets, including the contracts, to Focus Brands, Inc. After Plaintiffs learned in April 2009 that Moe's did not have the "standards and specifications" in its possession, Plaintiffs subpoenaed numerous third-party vendors and Focus Brands to get the information.

Thus, Plaintiffs' argument based on "wholly unexplained loss of evidence" is unpersuasive (now, as it was when the Court entered its Order). As the Court previously concluded, Plaintiffs have not produced sufficient evidence to support an inference of bad faith or culpability on Defendants' part. Therefore, even considering their repackaged argument, Plaintiffs' Motion for Reconsideration is **DENIED**.

C.   Walkers' Motion Regarding Damages Claims [440]

Scott Walker and Steven Walker ("Walkers") move for reconsideration of the Court's Order dated November 26, 2013 [432], granting Defendants' motion for summary judgment as to the Walkers' individual damages claims. In its Order, the Court concluded that "the Walkers have not asserted a basis under which they can personally recover."[2]  (Order, [432] at 5 of 16.)  The

---

[2] The Court recognizes that in limited circumstances, shareholders may have standing to sue individually, rather than derivatively on behalf of the corporation. For example, shareholder plaintiffs may allege "an injury which is separate and distinct

4

Walkers' present motion reiterates arguments made in their initial response brief and therefore is not a valid basis for reconsideration.[3] Accordingly, the Walkers' Motion for Reconsideration is **DENIED**, but the Court offers the following to clarify its prior Order.

The Second Amended Complaint [94] identifies "Scott Walker and Steven Walker d/b/a JSW Cascade, LLC" as Plaintiffs. The Walkers claim that the case caption was changed[4] in response to Defendants' denial that JSW Cascade, LLC was a Moe's franchisee. By the time they filed their motion for

---

from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder . . . which exists independently of any right of the corporation." Phoenix Airline Serv.s, Inc. v. Metro Airlines, Inc., 397 S.E.2d 699, 702 (Ga. 1990). Here, however, the Second Amended Complaint contains no allegations regarding special injuries to the Walkers, separate and distinct from the injuries suffered by Scoven Enterprises or JSW Cascade, LLC. Likewise, the wrongful conduct alleged in the Second Amended Complaint – Defendants' alleged fraudulent disclosures and omissions of material facts in the UFOC – is not unique or special to the Walkers in their individual capacities.

[3] The Walkers raise one new legal theory in their reply brief in support of their motion for reconsideration. The new theory is based on the "alter ego" doctrine. However, Plaintiffs cite no relevant authority for their argument. Furthermore, they could have raised this argument during briefing on Defendants' motion for summary judgment (or indeed, in their brief in support of the motion for reconsideration), but failed to do so. Accordingly, that argument is also not a valid basis for reconsideration.

[4] In the Original Complaint, the Walkers were individual named plaintiffs and JSW Cascade, LLC was a separate named plaintiff.

summary judgment against the Walkers, however, Defendants clearly recognized that JSW Cascade, LLC was in fact a franchisee that had potential claims against Defendants.  (See Def.s' MSJ Br. on Walkers' Damages Claims, [349-1] at 3 of 11 ("Scoven Enterprises is the 100% owner of two entities that entered into franchise agreements with Moe's . . . [including] JSW Cascade, LLC . . ., which executed a Franchise Agreement with Moe's on February 20, 2004 . . . ."); at 7 of 11 ("The damages the Walkers claim for the Moe's Cascade restaurant are for additional operating costs due to 'undisclosed sheltered income arrangements.'  The Walkers did not pay those costs, JSW Cascade, LLC did.").)

To the extent the Walkers have been standing in the place of JSW Cascade, LLC,[5] therefore, their claims are *not* dismissed.  To avoid confusion going forward, the Court will allow Plaintiffs to amend the Second Amended Complaint to reflect that JSW Cascade, LLC is the proper Plaintiff.  (See Part II, infra.)

---

[5] There are remaining franchisee claims in this suit.  In a prior Order [285], the Court found that material factual disputes precluded summary judgment on Counts I, II, and III of the Second Amended Complaint (i.e., the Counts common to all remaining Plaintiffs).  Thus, JSW Cascade, LLC may be entitled to damages along with the other franchisees.

6

**II.     Walkers' Motion to Amend [441]**

The Walkers move to amend the Second Amended Complaint to join JSW Cascade, LLC as a party plaintiff.  For the reasons stated above, Plaintiffs' motion is **GRANTED**.  They may replace "Steve Walker and Scott Walker d/b/a JSW Cascade, LLC" with "JSW Cascade, LLC" in the case caption.  The Court finds that Plaintiffs have shown good cause as to why this amendment is proper.

The case is styled in its current fashion because of Defendants' initial denial that JSW Cascade, LLC was a Moe's franchisee.  However, Defendants now readily admit that the LLC was a franchisee and, unlike the Walkers, may be entitled to damages against Moe's.  Plaintiffs are not seeking to add new claims or factual allegations, and Defendants have been aware of JSW Cascade, LLC's claims from the outset of this suit.  No additional discovery will be required.  Thus, Defendants will not be unduly prejudiced by this late amendment.

## Conclusion

Based on the foregoing, Plaintiffs' Motion for Reconsideration as to Court's Order on Spoliation Evidence [435] is **DENIED**, the Walkers' Motion

7

AO 72A
(Rev.8/82)

for Reconsideration as to Damages Claims of Scott Walker and Steven Walker [440] is **DENIED**, and the Walkers' Motion to Amend to Join JSW Cascade, LLC as a Party Plaintiff is **GRANTED**.

    **SO ORDERED**, this 1st day of July, 2014.

                      **RICHARD W. STORY**
                      United States District Judge

AO 72A
(Rev.8/82)