**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MASSEY, INC., et al.,      :
      :
    Plaintiffs,      :
      :
v.      :    CIVIL ACTION NO.
      :    1:07-CV-00741-RWS
MOE'S SOUTHWEST GRILL,      :
LLC, et al.,      :
      :
    Defendants.      :
      :
      :

## <u>ORDER</u>

This case is before the Court for consideration of Defendants' Bill of

Costs [605].  After reviewing the record, the Court enters the following Order.

### Background

Plaintiffs, Moe's franchisees, initiated this action by filing a nine-count

complaint against Moe's Southwest Grill, LLC, and several corporate officers

and corporate affiliates.  The original Complaint was subsequently amended to

add additional Plaintiffs.  In 2009, the Court dismissed four counts from

Plaintiffs' amended Complaint [112].  In 2012, the Court granted partial

summary judgment for Defendants and dismissed the claims of twelve

Plaintiffs [285].  The remaining Plaintiffs proceeded to trial in January 2015,

pursuing their claims for violation of the George Civil RICO statute, O.C.G.A.

§ 16-14-4, et seq. (Count I of the Third Amended Complaint, Dkt. [506]),

Fraudulent Inducement and Fraudulent Omission (Count II), and Negligent

Misrepresentation and Negligent Omission (Count III). In addition, the

Tennessee Plaintiffs asserted a claim against Defendants for violation of the

Tennessee Consumer Protection Act, Tennessee Code §§ 47-18-101, et seq.

(Count V).  Further, Plaintiffs sought an award of punitive damages against

Defendants pursuant to O.C.G.A. § 51-12-5.1(b).  Finally, Plaintiffs sought an

award of expenses of litigation, including reasonable attorneys' fees, pursuant

to O.C.G.A. §13-6-11.  The Court concluded that Plaintiffs could not prevail on

any claims and awarded judgment on all counts in favor of Defendants.

Defendants have submitted a Bill of Costs [605], and the parties have

fully briefed the issue.  Accordingly, the issue of costs is presently before the

Court for consideration.

## Discussion

As prevailing parties pursuant to a judgment entered on February 3,

2015, Defendants submitted their Bill of Costs [605] on March 5, 2015.  As a

2

result of the submission, the Clerk taxed costs against Plaintiffs in the sum of $52,072.81 [611].

Plaintiffs filed objections to Defendants' Bill of Costs, disputing costs claimed in several categories.  In response, Defendants made several concessions, and reduced their total claim to $49,808.69.  (Dkt. [615-1].) Many costs are still, however, in dispute.

Federal Rule of Civil Procedure ("Rule") 54(d) allows for awarding of costs to the prevailing party.  The costs that may be taxed against the non-prevailing party are defined in 28 U.S.C. § 1920 as follows:

(1)     Fees of the clerk and the marshal;

(2)     Fees of the court reporter for all and any part of the stenographic transcript necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)     Docket fees under Section 1923 of this Title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this Title.

28 U.S.C. § 1920.  The Court will evaluate each of Plaintiffs' objections in turn.

## I.     Depositions

Defendants originally claimed $29,531.75 for costs associated with deposition transcripts.  (Dkt. [615-1] at 1.)  Defendants have since reduced this amount to $28,554.75, and no longer claim costs for (1) expedited delivery of deposition transcripts; (2) condensed or electronic transcripts; or (3) RealTime transcript services.  (Dkt. [615-3] at 1-3.)  Nonetheless, Plaintiffs object to many of the remaining costs.

First, Plaintiffs object to transcription costs, totaling $19,206.45, for twenty-two depositions taken by Defendants.  (Dkt. [613] at 5-6.)  Plaintiffs claim that Defendants cannot recover the costs of the original transcripts because they never filed any originals with the Court.  (Id. at 6.)  Moreover, as Defendants' invoices did not separate the fees for the original transcripts from the fees for the copies, Plaintiffs claim that Defendants also cannot recover the costs of the copies.  (Id.)

Costs of both the original and one copy of a deposition transcript are

recoverable as long as the deposition was necessarily obtained for use in the case. DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 242-43 (N.D. Ga. 1993). This includes situations where the original deposition transcripts were not manually filed with the court, but remained sealed in an envelope, as they did here. Id. The rationale for this rule is that sealed copies of depositions are "virtually meaningless from a practical standpoint," and that the deposing party is therefore entitled to the costs of the sealed original plus one practically useful copy. Id. As Plaintiffs make no argument that these transcripts were not obtained for use at trial, Defendants are entitled to the costs of the original plus one copy. Accordingly, Plaintiffs' objection to $19,206.45 for the costs of the deposition transcripts is **OVERRULED**.

Second, Plaintiffs object that Defendants are not entitled to recover $1,830 in costs for the video depositions of Angelo Dajon and James Killingsworth, as Defendants have failed to show the necessity of these video depositions. (Dkt. [613] at 7.) Plaintiffs mistakenly focus on the necessity of the means of taking these depositions – by video – rather than on the necessity of the depositions themselves. See Awwad v. Largo Medical Center, Inc., No. 8:11-cv-1638-T-24 TBM, 2013 WL 6198856, at *3 (M.D. Fla. Nov. 27, 2013)

("the proper inquiry is . . . whether the depositions (not the type of recording) was necessary to the case."). Moreover, "[w]hen a party noticed a deposition to be recorded by nonstenographic means . . . and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 465 (11th Cir. 1996). As Plaintiffs make no argument that they objected to Defendants' use of video depositions, Plaintiffs' objection to $1,830 in costs for these video depositions is **OVERRULED**.

Third, Plaintiffs object that Defendants are not entitled to recover ancillary fees associated with deposition transcripts, totaling $898.80, for postage, electronic transcripts, and additional copies. (Dkt. [613] at 8.) In modifying their bill of costs, Defendants deducted $150 in postage (expedited delivery) costs, and $390 for electronic transcripts costs, leaving $358.80 in dispute.[1]

Plaintiffs rely on Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477

---

[1] Defendants also deducted the entire amount of costs in dispute for RealTime court services ($477). Thus, while Plaintiffs raise a separate objection to this amount, the Court need not address it.

6

(N.D. Ga. 1995), for their claim that 28 U.S.C. § 1920 does not allow the recovery of costs associated with postage and courier services.  (Dkt. [613] at 7.)  However, the costs claimed in Grady were unrelated to deposition transcripts.  See Grady, 161 F.R.D. at 480.  Here, by contrast, Defendants seek to recover amounts charged by court reporters to deliver the deposition transcripts.  The Court finds that these costs constitute "fees of the court reporter" under 28 U.S.C. § 1920(2), and that Defendants are thus entitled to these costs.  See Denton v. DaimlerChrysler Corp., 645 F. Supp. 2d 1215, 1228 (N.D. Ga. 2009) ("the shipping and handling charges and the costs of obtaining exhibits to the depositions at issue are proper and reasonable, and the Court upholds those costs as taxed.").  Accordingly, Plaintiffs' objection to $898.80, reduced to $358.80 after Defendants' deductions, is **OVERRULED**.

Finally, Plaintiffs object to $5,985.25 in deposition expenses associated with the depositions of nine Plaintiffs ("Dismissed Plaintiffs") against whom judgment was not entered and from whom Defendants are not seeking costs. (Dkt. [613] at 9.)  Plaintiffs' premise is that none of these depositions were used at trial or in any motions against the Plaintiffs from whom Defendants now seek costs.  (Id.)  In response, Defendants contend that these costs are

7

indeed taxable because the depositions of the Dismissed Plaintiffs were necessary to the issues in the case when they were taken.  (Dkt. [615] at 8.)  While that may be so, the Court finds that these costs are not taxable against the limited Plaintiffs from whom Defendants now seek costs.  Thus, Plaintiffs' objection to $5,985.25 is **SUSTAINED**.

## II.    Trial Transcripts[2]

Next in dispute are Defendants' $9,377.50 in costs for obtaining daily transcripts of the trial.  (Dkt. [613] at 11.)  Plaintiffs contend that Defendants have failed to show that daily transcripts were indispensable.  (Id.)

> Both the statute and interpreting case law permit a prevailing party to recover costs for daily copies of the trial transcript where the transcript is 'indispensable.'  By indispensable, the Court means that the transcripts were not obtained primarily for the convenience of the attorneys, but were necessarily obtained for use in the case."

Goodwall Const. Co. v. Beers Const. Co., 824 F. Supp. 1044, 1064 (N.D. Ga. 1992) (internal citations omitted).

While costs associated with expedited trial transcripts are not typically

---

[2] In this section of their brief, Plaintiffs also object to Defendants' $111.55 in costs for a transcript of a July 14, 2010 scheduling conference.  (Dkt. [613] at 11.)  However, Defendants have withdrawn their claim to these costs, and the Court need not address the issue.  (Dkt. [615] at 11.)

allowed as a matter of course, see Maris Distributing Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1225 (11th Cir. 2002), the Court finds that they are appropriate in this instance.  Defendants contend that receiving the trial transcript daily was necessary to prepare Defendants' Amended Proposed Findings of Fact and Conclusions of Law ("Amended Proposal") [581] at the close of trial.  (Dkt. [615] at 9.)  Indeed, Defendants' Amended Proposal cited the trial transcript extensively.  Based on this use of the daily trial transcripts, the Court finds that this expense was not merely for the convenience of Defendants.  As a result, Plaintiffs' objection in the amount of $9,377.50 is **OVERRULED**.

### III.    Copies

Plaintiffs make several objections to Defendants' costs associated with photocopies, which Defendants claim under 28 U.S.C. § 1920(4).  This provision allows the prevailing to party to recover the costs of copies of a wide range of documents.  See Fulton Federal Sav. & Loan Ass'n. of Atlanta v. American Ins. Co., 143 F.R.D. 292, 299 (N.D. Ga. 1991) (discussing recovery of costs for copies of pleadings, correspondence, exhibits and documents filed in support of motions, and other copies attributable to discovery).  The

AO 72A
(Rev.8/82)

prevailing party must, however, show that the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

First, Plaintiffs object to $3,912.24 in copying costs for documents that were electronically filed. (Dkt. [613] at 13.) Plaintiffs claim that making a physical copy of these electronically stored documents was unnecessary, and that the costs are not recoverable as Defendants did not provide these hard copies to either the Court or Plaintiffs. (Id.) The Court disagrees. Defendants claim costs for a single set of copies of the documents in this case. (Dkt. [605-4] at 7.) Without this set, Defendants would be forced to view these documents in electronic format only. Under these circumstances, a single set of physical copies was indeed "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Plaintiffs' objection to $3,912.24 in copying costs is **OVERRULED**.

Second, Plaintiffs object to $162.48 for costs of copies of discovery produced to Plaintiffs, claiming that Defendants cannot recover the costs of the copies made for themselves. (Dkt. [613] at 14.) Defendants contend that they needed their own copies "so that each party could utilize a bates-labeled version of Defendants' documents throughout the case." (Dkt. [615] at 12.) Even though these copies were retained for the Defendants' own use, the Court

10

accepts Defendants' position, and finds that these copies were necessary. Plaintiffs' objection to $162.48 is **OVERRULED**.

Third, Plaintiffs object to $947.43 for copies of documents produced by Plaintiffs and used by Defendants to prepare for Plaintiffs' depositions.  (Dkt. [613] at 14.)  Defendants claim that making these physical copies was necessary because Plaintiffs' production was on discs, and each disc contained files for multiple Plaintiffs.  (Dkt. [615] at 12-13.)  Thus, "[t]he only way Defendants' counsel could reasonably and reliably review such documents in advance of the depositions was to print out the production and sort [it] into individual documents by Plaintiff."  (Id. at 13.)

This Court has previously held that copy costs are recoverable where the copied documents "were obtained through discovery and were unusable in the form in which [the recipient] received them . . . ."  Denton, 645 F. Supp. 2d at 1228.  That holding applies here, as Defendants needed to make hard copies of Plaintiffs' production to effectively depose each Plaintiff.  Accordingly, Plaintiffs' objection in the amount of $947.43 is **OVERRULED**.

Plaintiffs' final objection is for $5,877.36, which Defendants originally claimed for copying trial exhibits.  (Dkt. [613] at 15.)  This original amount

included one set of copies of Plaintiffs' trial exhibits and four sets of copies of Defendants' trial exhibits.  (Dkt. [615] at 13.)  However, in response to Plaintiffs' objection, Defendants have reduced the original amount of their claim by $1,175.47, or 20%, leaving a disputed amount of $4,701.89.  (Id. at 15.)  Defendants' reduction was meant to offset the costs of making one set of copies of Defendants' exhibits.  (Id.)  Thus, Defendants are ultimately claiming costs for the one set of copies of Plaintiffs' exhibits and only three sets of copies of their own exhibits.

The Court finds that the entire amount of $4,701.89 is recoverable. Plaintiffs provided their trial exhibits to Defendants in electronic format, and thus it was necessary for Defendants to make copies for use at trial.  The three copies of Defendants' own exhibits were also necessary because one copy was given to the Court and Defendants needed two additional copies – one for Defendants' counsel and one for witnesses.  Accordingly, Plaintiffs' objection to costs for copies of trial exhibits is **OVERRULED**.

## Conclusion

As modified, Defendants' total bill of costs amounts to $49,808.69.

Having sustained Plaintiffs' objection to $5,985.25 of this amount, the Court

**AWARDS** Defendants costs in the amount of $43,823.44.

**SO ORDERED**, this 5th day of October, 2015.

_____
**RICHARD W. STORY**
United States District Judge

13